J-S13028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL PAGAN, JR. | : | |
| | : | |
| Appellant | : | No. 837 MDA 2024 |

Appeal from the PCRA Order Entered May 15, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001286-2017

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 3, 2025**

Manuel Pagan, Jr., appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court first summarized the pertinent facts and Pagan's direct appeal as follows:

> On April 11, 2018, [Pagan] appeared before the court for a jury trial on one count of rape by forcible compulsion, one count of sexual assault, two counts of aggravated indecent assault, and two counts of indecent assault.  [Pagan] was represented by [Assistant Public Defender] Beverly Rampaul ("trial counsel").
>
> The victim testified that on November 29, 2016, she went to [Pagan's] studio with her sister to drink and hang out before going to [Pagan's] residence.  While she was in his bedroom, [Pagan] put his hands down her pants and put his fingers into her vagina without her consent.  The victim then went downstairs to sleep on the sofa but awoke to find [Pagan] on top of her, with his hands on her chest and his penis in her vagina.  The victim told [Pagan] to stop and tried to push him off of her, but [Pagan] did

not stop until the victim's sister came downstairs and pulled him off. The victim's sister testified that the victim was screaming for help and trying to push [Pagan] off of her. The victim had never met [Pagan] prior to that evening.

[Pagan] testified at trial and admitted that he inserted his hand into the victim's vagina while upstairs in bed. The victim then left the bedroom. Approximately 20-30 minutes later, [Pagan] went downstairs to use the bathroom, he encountered the victim, she suggested they have sex, he inserted his fingers in the victim's vagina again, and they had sexual intercourse. [Pagan] stated that the victim was flirting with him and never said no. [Pagan] later sent the victim's sister a text message stating, "[j]ust tell her I'm sorry again and I hope she can forgive me, and I hope she's okay."

After a three-day trial, [Pagan] was found not guilty of rape and sexual assault, guilty on two counts of aggravated indecent assault, and guilty on two counts of indecent assault. A pre-sentence investigation was ordered. On July 11, 2018, the court imposed an aggregate sentence of 7-20 years' imprisonment. On August 10, 2018, [Pagan] filed a timely Notice of Appeal to the Superior Court. [Pagan] was represented at sentencing by Attorney Heather Adams ("appellate counsel"). [In this appeal, Pagan raised five issues, including a claim that the trial court erred in his assertion that a conflict of interest existed because Pagan had raised a claim of ineffectiveness of counsel claim against a different public defender who represented him at a previous drug trial.]

The Superior Court affirmed the judgment of sentence on June 3, 2019. [Pagan] timely petitioned the Supreme Court of Pennsylvania for Allowance of Appeal, which was denied on December 23, 2019. [Pagan] did not seek certiorari in the Supreme Court of the United States.

PCRA Court Opinion, 9/4/24, at 2-3 (footnotes and citations to record omitted).

The PCRA court then summarized the post-conviction proceedings as follows:

On February 8, 2021, Pagan filed a timely *pro se* PCRA [petition]. On February 17, 2021, the court appointed Dennis C. Dougherty, Esquire. [("original PCRA counsel")] as PCRA counsel. On April 16, 2021, PCRA counsel submitted a no-merit letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)], concluding that the issues raised in [Pagan's *pro se*] PCRA [petition] lacked merit. [PCRA counsel] simultaneously filed a Motion to Withdraw as Counsel[.] PCRA counsel attached to his Motion a copy of the six-page No Merit Letter he sent to [Pagan] which provided a detailed analysis of [Pagan's] claims and informed [Pagan] that counsel was unable to find any issues of merit for PCRA consideration.

On May 7, 2021, [Pagan] filed a response to PCRA counsel's no-merit letter and motion to withdraw alleging that PCRA counsel was ineffective for failing to zealously pursue the claims identified in [Pagan's] *pro se* PCRA [petition], failing to mention whether PCRA counsel contacted trial counsel to discuss trial counsel's overall trial strategy, and failing to follow up with [Pagan] regarding additional issues [Pagan] wanted to assert. [Pagan] requested the appointment of substitute PCRA counsel and leave to submit an amended PCRA [petition]. On June 8, 2021, the court issued an order directing PCRA counsel to contact [Pagan], review the unidentified claims, investigate the claims, and file an amended petition or a revised no-merit letter[.]

On October 4, 2021, PCRA counsel filed an [Amended PCRA Petition]. In the Amended Petition, PCRA counsel alleged that trial counsel was ineffective for failing to discuss, investigate, and call character witnesses at trial to testify regarding [Pagan's] reputation for truthfulness and veracity.

Pursuant to the Rules of Criminal Procedure, the court conducted an independent review of the record. On November 4, 2021, the court issued a Rule 907 Notice stating its intent to dismiss [Pagan's] PCRA petition and Amended Petition because the allegations were not supported by the record. [Pagan] was granted twenty days from the date of the Notice to file a response. [Pagan] timely mailed a response postmarked November 24, 2021. In his response, [Pagan] provided additional reasoning regarding his claim that trial counsel was ineffective for failing to call character witnesses. [Pagan] then made a layered claim alleging that PCRA counsel was ineffective for failing to investigate trial counsel's ineffectiveness regarding trial counsel's

- 3 -

communication of DNA test results to [Pagan]. For the reasons stated in the Rule 907 Notice, and for reasons stated in a separate opinion, the court concluded that [Pagan's] PCRA petition and Amended Petition would be denied without a hearing. [Pagan filed a *pro se* response. By order entered December 14, 2021, the PCRA court dismissed Pagan's petition.]

PCRA Court Opinion, 9/4/24, at 3-5 (footnotes and citations to record omitted).

Original PCRA counsel filed a timely appeal. Subsequently, Pagan filed with the Court a "Motion to Proceed *Pro Se,*" in accordance with **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). In this motion, Pagan requested that "this Court remand [his] case back to the PCRA court and allow him to further develop [a layered ineffective assistance of counsel] claim *pro se*) or with newly appointed counsel)." **Commonwealth v. Pagan**, 289 A.3d 59, at *1 (Pa. Super. 2022) (non-precedential decision). Additionally, Pagan requested that "[this] Court grant him leave to raise and develop four additional [ineffective assistance of counsel] claims." **Id.**

In memorandum filed on November 9, 2022, we vacated the order denying post-conviction relief and remanded for further proceedings. **Id.** We explained:

Pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court should, on remand, hold a hearing to ascertain whether Pagan is permitted to proceed *pro se* or is entitled to the appointment of new counsel. If continuing without prior counsel is appropriate, the court should then allow Pagan to more fully develop his contention that his PCRA counsel was ineffective. After that, the court should make a corresponding ruling on the issue of ineffectiveness, allowing for the disposal of this claim in the first instance.

- 4 -

*Id.* at *2.

Following remand, the PCRA Court held a ***Grazier*** hearing, and ultimately appointed present PCRA counsel on January 9, 2023. On April 13, 2023, Pagan filed an amended PCRA petition in which he raised six claims of trial counsel's ineffectiveness, as well as a claim that original PCRA counsel was ineffective for failing to "preserve claims that needed to be developed further." The Commonwealth filed a response. On January 8, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss the amended petition without a hearing, because the seven ineffectiveness claims were either previously litigated, waived, without merit, or not properly layered.

In response, after multiple extensions were granted, Pagan filed an amended PCRA petition on March 18, 2024, in which he properly layered a majority of his ineffectiveness claims. On April 10, 2024, the PCRA court filed a second Rule 907 notice of its intent to dismiss the amended petition without a hearing. Pagan filed a response. By order entered May 15, 2024, the PCRA court denied Pagan's amended PCRA petition. This appeal followed.[1] Both Pagan and the PCRA court have complied with Appellate Rule 1925.

_____

[1] On May 25, 2025, Pagan filed a motion to remand for appointment of new counsel pursuant to ***Bradley***, ***supra***, in which he alleged that counsel "has been uncooperative and ineffective" and has filed a brief against [Pagan's] wishes and despite [Pagan's] numerous, diligent, and well-documented attempts to communicate with [counsel] and to ensure that a properly-argued brief would be filed." Motion, 5/25/25, at 4.

*(Footnote Continued Next Page)*

Within his brief, Pagan presents the following issues on appeal:

A. PCRA counsel was ineffective for failing to properly raise that trial counsel was ineffective for failing to investigate and call character witnesses that could speak to [Pagan's] character for truthfulness under Rule 404 of the Pennsylvania Rules of Evidence.

B. PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness as a conflict had developed between her office and [Pagan].

C. PCRA counsel was ineffective for failing to raise that trial counsel was ineffective for providing incorrect information to her client regarding DNA results.

D. PCRA counsel was ineffective for failing to raise trial counsel was ineffective for failure to investigate witnesses' statements.

E. PCRA counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to the trial court's answer to a jury question regarding the location of the charges.

F. PCRA counsel was ineffective for failing to cross examine the [victim] as to her [inconsistent] statements made to detectives versus her statement on the stand at trial.

Pagan's Brief, at 9-25 (excess capitalization omitted).[2]

_____

As noted above, Pagan previously filed a motion in which he asserted similar allegations against original PCRA counsel that resulted in this Court remanding the appeal pursuant to **Bradley**. **Bradley** does not afford a PCRA petitioner a second remand merely because that petitioner disagrees with the precise manner in which newly-appointed PCRA counsel argues an issue. Moreover, as presented by counsel, Pagan's argument as to each issue is sufficient to address its merit. Thus, we deny Pagan's motion for remand.

[2] Rather than raise each ineffectiveness claim in his statement of issues, Pagan raised a claim that he "faced cumulative prejudice from the ineffective assistance of trial counsel which was not raised properly by [original] PCRA counsel." Pagan's Brief at 4. We agree with the Commonwealth that a claim of cumulative prejudice is waived because Pagan raises it for the first time on
*(Footnote Continued Next Page)*

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

All of Pagan's claims raise a layered claim of ineffective assistance. When making such a claim, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render

---

appeal. Nonetheless, as both the Commonwealth and the PCRA court have addressed the issues cited above, we will address them.

ineffective assistance of counsel." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." ***Id.***

Thus, the merit of each claim depends a finding that trial counsel was ineffective. To obtain relief under the PCRA premised on a claim that trial counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

After careful review, we conclude that the PCRA court has authored thorough and well-reasoned opinions pursuant to Rule 1925(a). In his February 1, 2022 opinion issued in Pagan's prior appeal, the Honorable Thomas B. Sponaugle correctly rejected Pagan's claim that trial counsel was ineffective for failing to investigate and call character witnesses to testify regarding Pagan's reputation for truthfulness and misinforming him about the

DNA results. In his September 4, 2024 opinion for this appeal, Judge Sponaugle has addressed each of Pagan's layered ineffectiveness claims with proper citation to legal authorities and citation to the certified record.

We discern no legal errors in Judge Sponaugle's analyses, and his finding that each layered claim of ineffectiveness claim lacks merit is fully supported by our review of the record. As such, we adopt Judge Sponaugle's 1925(a) opinions as our own in affirming the order denying Pagan post-conviction relief. **See** PCRA Court's Opinion, 2/1/22, at 16-22 (unnumbered) (explaining Pagan cannot prove prejudice by trial counsel's inaction regarding character witnesses given Pagan's prior criminal history of committing *crimen falsi* crimes that the Commonwealth introduced during its case in chief); PCRA Court's Opinion, 9/4/24, at 11-12 (rejecting Pagan's claim of original PCRA counsel's ineffectiveness because that counsel properly challenged trial counsel's failure to investigate/call character witnesses); at 12-14 (explaining Pagan's claim of conflict of interest was previously litigated and rejected in Pagan's direct appeal); PCRA Court Opinion, 2/1/22, at 22-24 (unnumbered) (finding no merit to Pagan's DNA claim because trial counsel accurately informed him that his DNA was not found in the vaginal swabs of the victim); PCRA Court Opinion, 9/4/24, at 14-15 (citing February 1, 2022 opinion, and rejecting Pagan's claim of original PCRA counsel's ineffectiveness for failing to raise an ineffectiveness claim regarding DNA results); at 17-21 (concluding that original PCRA counsel was not ineffective for failing to raise the issue of

trial counsel's failure to investigate various witnesses' statements); at 21-25 (rejecting claim that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for not objecting to the trial court's answer to the jury's question regarding the location where each charge occurred; the trial court accurately informed the jury that the charges were not location-dependent); and at 25-27[3] (rejecting claim that original PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for not questioning the victim or her sister about inconsistent statements; the PCRA court correctly found that there were no inconsistent statements to challenge).[4]

---

[3] To the extent, Pagan's claim relates to the victim's originally lying to a detective regarding who was driving her car on the night of the incident, we note that during the Commonwealth's direct examination, the victim explained why she was originally untruthful and counsel cross-examined her on this subject. **See** N.T., 4/12/24, at 602-606 (trial court informs trial counsel that there is no need to recall a detective because there no inconsistent statements, "[t]o the extent there is one, the witness admitted that she lied to the [detective]").

[4] The parties are directed to attach Judge Sponaugle's February 1, 2022 and September 4, 2024 opinions to this memorandum in any future appeal.

Motion for Remand denied.  Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/3/2025